[S. C., infra, 119.]
Ejectment. — The lessor of the plaintiff produced a grant to James Disart, upon a fifty shilling warrant for 640 acres; the grant was dated on the 29th of July 1793, and registered the 21st of December following, No. 423; a deed from Disart to the lessor of the plaintiff, dated the 10th of November, 1795.
The defendant did not produce a title, but relied on his possession, and showing the weakness of the plaintiff's claim.
Elisha Walling, a witness for the lessor of the plaintiff, was upon motion of the defendant's counsel sworn on his voir dire,
and answered that he was not interested in the event of this suit, upon which SCOTT, of counsel for the defendant, offered to produce witnesses to prove that he was interested.
This cannot be done, the defendant had an election before the witness was sworn, he has chosen to have him sworn on his voir dire, and cannot now introduce proof of his interest; proof of interest by disinterested persons is certainly the best mode of ascertaining the incompetency of a witness where it can be clearly made out, but the defendant has waived this method by requiring the witness to be sworn on his voir dire, If this were not the case in what situation would the Court be placed? The witness, on oath, says he is not interested, suppose one or more witnesses produced who say that he is, who are the Court to believe, — the witness, who on oath says he is not. or those who swear in opposition? Perhaps the credibility of the witness offered may be superior to all the proof offered on the other side. Surely the principles of law will not authorize *Page 108 
the Court to weigh degrees of credibility. The jury are the competent judges of this, and if the defendant has any testimony to show that Walling is interested let it be offered to the jury, who will give it such weight as they, may think it deserves.[1]
Walling, being sworn in chief, deposed that he was employed by Disart to locate and have surveyed 640 acres of land; that he, the surveyor, and a man of the name of Sims, were in company; when he made the corner called for in the grant he told the surveyor to begin at that place, and directed him how to survey the land, but the witness did not see the land surveyed. Some short time after this the surveyor put the plats of the survey into the hands of the witness to he returned to the secretary's office, for the purpose of procuring a grant, which he did; he paid the surveyor's fees, and has also paid the taxes for this land for several years, and believes it to be the same described in the grant. Walling also proved that this land covered some of the drains or hollows that made into Blair's Creek.
TRIMBLE and MILLER relied upon Haywood, 359 to show that the grant was conclusive evidence as to the title; and that all preliminary requisites in obtaining the grant would be presumed.
[1] Wil. ed. Bac. Ab. 584 n.